IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | District Judge Susan J. Dlott |
| Plaintiff, | : | Case No. 1:05-cr-145 |
| v. | : | |
| Cathy Yocum, | : | ORDER DENYING MOTION TO |
| | : | CLARIFY AND/OR RECALCULATE |
| Defendant. | : | TERM OF INCARCERATION |

This matter comes before the Court on Defendant Cathy Yocum's Motion Requesting Clarification and/or Recalculation of the Jail Term Contained in the Court's Sentencing Order. (Doc. #23.)

On July 6, 2006, this Court sentenced Defendant Yocum to a term of incarceration in connection with her participation in a mortgage fraud scheme. Before the Court's oral pronouncement of sentence, but after both allocution and a sidebar hearing on the Government's motion for downward departure based on substantial assistance, the Court offered the Defendant the choice of having her contemplated sentence reduced by three months in exchange for a commitment to perform an additional 300 hours of community service during supervised release. The Defendant chose the 300 hours of community service option. The Court then pronounced a sentence which included a term of incarceration of twelve months and one day on each of the two counts on which it had adjudged Defendant guilty, with the terms to be served concurrently.[1] (See doc. #22 (sentencing minutes).)

---

[1] As explained below, the Court initially pronounced a sentence of twelve months, but orally modified that sentence to add a day of incarceration before the end of the sentencing hearing.

Defendant Yocum now submits that

> [B]ased on the Court's comments during the [5K1.1] sidebar as well as the Court's comments on the record regarding Ms. Yocum's placement on a chart reflecting relative culpability among the participants, it is not unreasonable to surmise that the Court intended to impose a 12-month jail term for Ms. Yocum prior to any reduction of that term pursuant to the "3 months for 300 hours" proposal that was offered by the Court and accepted by Ms. Yocum. Ms. Yocum acknowledges that this honorable Court has complete discretion to fashion whatever sentence it deems reasonable and she further acknowledges that the Court was under no obligation to state the term of the jail sentence as contemplated prior to the offer and acceptance of its "3 months for 300 hours" proposal. Ms. Yocum merely offers her respectful surmise . . . that her term of incarceration, following her acceptance of the Court's offer, should have been "*9 months and one day on each count to be served concurrently*". . . .

(Doc. #23 at 2-3 (emphasis added).) The Defendant accordingly moves the Court to amend the incarceration portion of her sentence as "necessary in the interest of justice." (Id. at 3.)

The Defendant's surmise, while reasonable, is incorrect. The Court's original intended sentence for Defendant, based on its careful consideration of her relative culpability in the fraud scheme, was not twelve months but rather *fifteen* months. Thus, the effect of the Defendant's choice to accept 300 additional hours of community service in exchange for three fewer months of jail time was to reduce her sentence to twelve months, not the nine months the Defendant had apparently anticipated. At the conclusion of the sentencing hearing, and in consideration of certain unique background characteristics the Defendant's counsel alluded to in his eloquent allocution, the Court exercised its discretion to add one day to the twelve-month sentence it had initially pronounced. As the Court explained at the sentencing hearing, this addition renders the Defendant eligible for "good time" credits that could ultimately reduce her actual term of incarceration to just over ten months.

Because the Court was not mistaken in its July 6th, 2006 oral pronouncement of sentence and does not believe an amendment to the Defendant's term of incarceration is otherwise "in the interests of justice," the Defendant's Motion (doc. #23) is **DENIED**.

IT IS SO ORDERED.

                                                                               s/Susan J. Dlott
                                                                               Susan J. Dlott
                                                                               United States District Judge